IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OWEN WEICHEL,

        Petitioner,

   v.

UNITES STATES OF AMERICA
FEDERAL PRISON CAMP AT
SHERIDAN, et al.,

        Respondents.

Case No. 3:16-cv-00255-MO

OPINION AND ORDER

    Owen A. Weichel, 46170-424
    FCI-Sheridan
    PO Box 5000
    Sheridan, OR 97378

        Petitioner, *Pro Se*

    Billy J. Williams
    United States Attorney
    Natalie K. Wight, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondents

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging a decision by the Bureau of Prisons ("BOP") to place him in a Residential Reentry Center ("RRC") for only six months. Because petitioner received the consideration to which he was entitled, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On January 14, 2015, petitioner was convicted of bank fraud and filing a false tax return and sentenced to 38 months in prison. As petitioner began to approach the end of his sentence, BOP officials designated him for placement in a RRC six months prior to the expiration of his sentence. Petitioner contends that the BOP was required to consider him for placement in a RRC for a period of up to 12 months prior to the expiration of his sentence, but never did so. He asks the court to conclude that he was not given proper RRC consideration, and to fashion any relief it deems appropriate.

Respondents ask the court to deny relief on the Petition because: (1) petitioner failed to exhaust his administrative remedies; (2) the court lacks jurisdiction to provide relief in a habeas corpus case where petitioner's success in this action would not result in a speedier release from his custody; and

2 - OPINION AND ORDER

(3) the BOP gave petitioner the consideration he was due. Because respondents correctly assert that petitioner received the consideration he was due, the court need not address their first two arguments.

## DISCUSSION

Pursuant to the Second Chance Act of 2007, an inmate nearing the end of his sentence must be considered for placement in a RRC in an attempt to avoid recidivism:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a [RRC].

18 U.S.C. 3624(c)(1).

When designating the place of imprisonment for an inmate, 18 U.S.C. § 3621 provides five factors for the BOP to consider: (1) resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any relevant statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

3 - OPINION AND ORDER

Shannon Miesner is the Case Manager responsible for assessing petitioner for prelease custodial placement within an RRC. Declaration of Shannon Miesner, p. 1. She states that she individually assesses each inmate using the statutory criteria of 18 U.S.C. § 3621(b)(1)-(5) before rendering a decision. *Id* at 2. According to Miesner, "[i]n the experience of the BOP, six months of RRC prerelease placement often satisfactorily accommodates inmates' transitional needs." *Id* at 3. She directs the court to an April 14, 2008 Memorandum from the General Counsel and Assistant Director of the Correctional Programs Division issued in the wake of the Second Chance Act. The Memorandum was intended to provide guidance to BOP staff as to RRC placement and provides, in part, as follows:

> **Regional Director Approval Required for Pre-Release RRC Placement Beyond Six Months** – While the [Second Chance] Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less. Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager.

Miesner Declaration, Att. 1, p. 4.

A review of the record reveals that following a program review on April 6, 2016, Miesner completed her Inmate Skills

4 - OPINION AND ORDER

Development Plan for petitioner on April 14, 2016. She proceeded with a program review where she needed input from the U.S. Probation Office regarding its position on whether petitioner could relocate from his sentencing district in Illinois to his district of residence in California. Once this was done, Miesner recommended petitioner be placed in an RRC for 148 days, but later changed the recommendation to 180 days based upon petitioner's participation in the BOP's Residential Drug Abuse Program. Miesner Declaration, p. 4. She based her recommendation on her experience as a case manager after evaluating the five factors of § 3621(b). *Id* at 5.

According to petitioner, 42 U.S.C. § 17541 requires the BOP to consider him for a 12-month reentry housing placement. He contends that Miesner ignored this statute and never submitted his case for review by the Regional Director to ascertain whether was an acceptable candidate for the 12-month reentry program, and instead simply scheduled him for a 6-month reentry assignment.

Forty-two U.S.C. § 17541(a) provides that the Director of the BOP shall establish a federal prisoner reentry initiative, subject to the availability of appropriations. Among the programs to be established are "[i]ncentives for a prisoner who participates in reentry and skills development programs **which**

5 - OPINION AND ORDER

**may, at the Discretion of the Director,** include—(A) the maximum allowable period in a community confinement facility. . . ." 42 U.S.C. 17541(a)(2)(A) (emphasis added). Nothing in this statute requires the BOP to submit petitioner's case to the Regional Director for approval for a 12-month RRC placement. Referral to the Regional Director for RRC placements in excess of six months is reserved for "unusual or extraordinary circumstances." Miesner Declaration, Att. 2, p. 3. Based upon her experience, Miesner did not find petitioner's case to meet this threshold. In this way, Miesner followed the BOP's policy in assessing petitioner's case, a policy the Ninth Circuit previously found to be permissible. *Sacora v. Thomas*, 628 F.3d 1059, 1066-1070 (9th Cir. 2010). Where petitioner received the consideration that was due, relief on the Petition is denied.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this **28** day of July, 2016.

_____
Michael W. Mosman
United States District Judge

6 - OPINION AND ORDER